**Maurice JARJOURA Plaintiff— Appellant,**

v.

**ERICSSON, INC. Defendant—Appellee.**

No. 03–10562.
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 17, 2003.

Durwood Douglas Crawford, Goins, Underkofler, Crawford & Langdon, Dallas, TX, for Plaintiff–Appellant.

Carrie Beth Hoffman, Celeste Y. Winford, Gardere Wynne Sewell, Dallas, TX, for Defendant–Appellee.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Before KING, Chief Judge, and DAVIS and BARKSDALE, Circuit Judges.

PER CURIAM.[*]

Maurice Jarjoura appeals the district court's grant of summary judgment to the defendant on Jarjoura's complaint alleging that he was wrongfully discharged in retaliation for taking leave under the Family and Medical Leave Act ("FMLA"); 29 U.S.C. § 2601, *et seq.* The district court determined that Jarjoura did not establish a *prima facie* case of retaliation and, alternatively, that if a *prima facie* case had been established, then the defendant had articulated a legitimate reason for the discharge that was not a pretext for discrimination.

The district court did not err in determining that Jarjoura had not made a *prima facie* case for retaliation because he did not show that there was a causal connection between his taking FMLA leave and his discharge for violation of a company policy. *See Chaffin v. Carter Co., Inc.,* 179 F.3d 316, 319 (5th Cir.1999). Inasmuch as the record supports the district court's determination that Jarjoura failed to establish a *prima facie* case, it is unnecessary to address Jarjoura's arguments challenging the district court's alternative holding that, even if a *prima facie* case was shown, there was no evidence of pretext.

AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.